UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER F.,
Plaintiff,
v.

COMMISSIONER OF SOCIAL SECURITY,
Defendant.
_____________________________/

Case No. 5:26-cv-12984

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON MOTION FOR RELIEF FROM**
**LOCAL RULE 83.20 (ECF No. 3)**

## I. INTRODUCTION

Pending before the Court is Plaintiff's counsel's *Motion for Relief from [E.D. Mich.] LR 83.20(f)* (ECF No. 3). Plaintiff Jennifer F. brings this action under 42 U.S.C. §§ 405(g) challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act ("the Act").

## II. DISCUSSION

"A person is eligible for admission to the bar of this Court if the person has been admitted to practice in a state court of record and is in good standing." *Koenemann v. Marberry*, No. 5:06-CV-10852, 2006 WL 1421527, at *1 (E.D. Mich. May 23, 2006) (citing E.D. Mich. Local Rule 83.20(c)(1)). Eastern District of Michigan Local Rule 83.20(f)(1) specifies that out-of-state attorneys must have

local counsel to appear on a case as attorney of record unless the Court relieves them of this duty.[1]

Plaintiff's counsel, Bryan Konoski, states in his motion that he is admitted to practice in Eastern District of Michigan and that he is familiar with the Local Civil Rules of the District but is not a member of the State Bar of Michigan. (ECF No. 3, PageID.12-13). His law firm, Konoski & Partners, P.C.[2], is based in New Jersey, and he and his firm specialize in Social Security disability appeals and handling these appeals in federal court. (*Id.*) His firm is a member of multiple professional organizations that focus on social security disability matters and has produced educational materials regarding this subject matter for members of the profession. (*Id.* at PageID.14). He represents that in 2023 his firm filed approximately 350 appeals nationally. (*Id.*) He avers that there are generally no court appearances in social security disability appeals and does not anticipate the

---

[1] E.D. Mich. LR 83.20(f)(1) provides:

> . . . A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

[2] The affiant represents that Konoski & Partners, P.C.'s registered tradename under which it is nationally known is "THE FEDERAL APPEALS FIRM." (ECF No. 3, PageID.14).

need for local counsel in this case. (*Id.* at PageID.14-15). He also notes that this court has granted similar motions in his prior cases. (*Id.*)

"Courts in this district have generally required compliance with [Local Rule 83.20(f)]." *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022) (citing cases). That said, courts have also relieved attorneys from the requirement to obtain local counsel where good cause is shown. *See, e.g., Koenemann*, 2006 WL 1421527. The Court finds good cause shown to grant Plaintiff's counsel's motion.

## III. CONCLUSION

For the reasons stated above, Plaintiff's counsel's *Motion for Relief from [E.D. Mich.] LR 83.20(f)* (ECF No. 3), is **GRANTED**. Counsel shall file an appearance upon receiving this Order.

**IT IS SO ORDERED**.

Date: August 27, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge